Received & Filed 8/31/2017 5:00 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 19188548

CAUSE NO. 17-002319-CV-361 _____



| | | |
|---|---|---|
| **ALFRED SMITH, JR. AND CURRIE SMITH,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **BRAZOS COUNTY, TEXAS** |
| | § | |
| **CENTRAL MUTUAL INSURANCE COMPANY, JAMES DAVID BORUK, JR., AND MICHAEL TREVINO,** | § | |
| *Defendants.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Alfred Smith, Jr. and Currie Smith ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Central Mutual Insurance Company ("CMIC"), James David Boruk, Jr. ("Boruk"), and Michael Trevino ("Trevino") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**PARTIES**

2.    Plaintiffs Alfred Smith, Jr. and Currie Smith are individuals residing in Brazos County, Texas.

3.    Defendant CMIC is a foreign insurance company organized and existing under the laws of the State of Ohio engaged in the business of insurance in the State of Texas.  CMIC has no designated agent in Texas on whom service of citation may be made in this cause. The causes of action asserted arose from or are connected with purposeful acts committed by this defendant.  Accordingly, this defendant may be cited by serving personal process, by a process server, on its Vice-President, Steve Mansfield, or any other officer at 7301 North State Highway 161, Suite 320, Irving, Texas 75039.

4.    Defendant James David Boruk, Jr. is an individual residing in and domiciled in the State of Texas.  This defendant may be served with personal process by a process server at his place of residence at 1155 Private Road 2220, Buffalo, Texas 75831 or wherever else he may be found.

5.    Defendant Michael Trevino is an individual residing in and domiciled in the State of Texas.  This defendant may be served with personal process by a process server at his place of business at 7301 North State Highway 161, Suite 320, Irving, Texas 75039, or wherever else he may be found.

**JURISDICTION**

6.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

7.    The Court has jurisdiction over Defendant CMIC because this defendant is a resident of the State of Texas in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

8.    The Court has jurisdiction over Defendant Boruk because this defendant is a resident of the State of Texas, engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9.    The Court has jurisdiction over Defendant Trevino because this defendant is a resident of the State of Texas, engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

10.   Venue is proper in Brazos County, Texas, because the insured property is situated in Brazos County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

11.   Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by CMIC.

12.   Plaintiffs own the insured property, which is specifically located at 4207 Cheyenne Cir, Bryan, TX 77802, in Brazos County (hereinafter referred to as "the Property").

13.   CMIC sold the Policy insuring the Property to Plaintiffs.

14.   On or about May 21, 2016, and/or May 26, 2016, a hail storm and/or windstorm struck Brazos County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). As a result of the Storm, over half of

the Property's walls are structurally unsound and the home's entire structural system is considered compromised. An engineer has instructed Plaintiffs' to avoid the Property for any purpose during high wind events. The Property is unsuitable for habitation due to the risk of collapse as a result. Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. For example, Plaintiffs' storage suffered damages. After the storm, Plaintiffs filed a claim with their insurance company, CMIC, for the damages to their home caused by the Storm.

15. Plaintiffs submitted a claim to CMIC against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

16. Plaintiffs asked that CMIC cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof, repair of the exterior, and repair of the interior water damages to the Property, pursuant to the Policy.

17. Defendant CMIC assigned Defendants Boruk and Trevino as the adjusters on the claim. The adjusters assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about June 2, 2016, Boruk conducted a substandard inspection of Plaintiffs' property. The inadequacy of Boruk's inspection is evidenced by his report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Boruk omitted some of the interior and structural damages from his report. Moreover, Boruk both underestimated and undervalued the cost of repairs to

the damaged items that he did include in the estimate. Furthermore, Boruk's estimate underpriced the cost of materials required for necessary repairs. Ultimately, Boruk's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Boruk's inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

18.    Trevino also actively participated in the handling of Plaintiffs' claim, but failed to conduct a reasonable investigation. Michael Trevino spoke on the phone with Plaintiffs on multiple occasions, refused to respond to Plaintiffs in a timely manner, and made misrepresentations to the Plaintiffs. Ultimately, Trevino failed to thoroughly review Boruk's assessment of the claim and ultimately submitted and/or approved an inaccurate report of the damages.

19.    Central Mutual Insurance Company sent an engineer to assess the damage of the Property. The engineer was Fransisco Godoy, P.E. of the firm ESI. Godoy visited the property on or around July 1, 2016. Godoy told Plaintiffs that it would be cheaper to tear the house down and rebuild it than it would be to repair the existing structure. Godoy also stated that Central Insurance had bribed him for a favorable report – offering Godoy a lot of additional/future business for favorable report.

20.    Central Mutual Insurance Company changed the report it received from Godoy related to the Property in an attempt to avoid paying the full amount of Plaintiffs' claim. On July 14, 2016, Boruk told Plaintiffs that he was changing the engineer's report (Godoy's report). Boruk told Plaintiffs that Plaintiffs may receive a couple thousand dollars. Plaintiffs informed Boruk that what Godoy had told Plaintiffs was substantially different. Plaintiffs requested a copy of the report that Godoy had provided to CMIC; the requests

for the report were made over the phone and in writing.  However, both Boruk and Trevino refused to timely provide Plaintiffs with Godoy's report. Plaintiffs made further requests to Kevin Black for the original copy of the Godoy's report, but was refused a copy of the report until the estimates were revised.  CMIC failed to timely provide the original report and communications related to the same.

21.     Together, CMIC, Boruk, and Trevino set about to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to repair their home, the claim was improperly adjusted.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive full payment under the insurance policy.

22.     As detailed in the paragraphs below, CMIC wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, CMIC underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

23.     To date, CMIC continues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to their home.

24.     Defendant CMIC failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount

sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. CMIC's conduct constitutes a breach of the insurance contract between CMIC and Plaintiffs.

25. Defendants CMIC, Boruk, and Trevino misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants CMIC's, Boruk's, and Trevino's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

26. Defendants CMIC, Ideal, Boruk, and Trevino failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants CMIC's, Boruk's, and Trevino's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

27. Defendants CMIC, Boruk, and Trevino failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants CMIC, Boruk, and Trevino failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants CMIC, Boruk, and Trevino did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants CMIC's, Boruk's, and Trevino's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

28.  Defendants CMIC, Boruk, and Trevino failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants CMIC, Boruk, and Trevino.  Defendants CMIC's, Boruk's, and Trevino's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

29.  Defendants CMIC, Boruk, and Trevino refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants CMIC, Boruk, and Trevino failed to conduct a reasonable investigation.   Specifically, Defendants CMIC, Boruk, and Trevino performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants CMIC's, Boruk's, and Trevino's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

30.  Defendant CMIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  CMIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31.  Defendant CMIC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  CMIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

32.     Defendant CMIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  CMIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

33.     From and after the time Plaintiffs' claim was presented to Defendant CMIC, the liability of CMIC to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, CMIC has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  CMIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34.     Defendants CMIC, Boruk, and Trevino knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

35.     As a result of Defendants CMIC's, Boruk's, and Trevino's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

36.     Plaintiffs' experience is not an isolated case.  The acts and omissions CMIC committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of CMIC with regard to handling these types of claims.  CMIC's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANTS BORUK AND TREVINO

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

37.     Defendants CMIC assigned Defendants Boruk and Trevino to adjust the claim. Defendants Boruk and Trevino were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During their investigation, the adjusters failed to properly assess Plaintiffs' hail storm and/or windstorm damages.  The adjusters also omitted covered damages from their reports, including many of Plaintiffs' interior damages.   In addition, the damages that the adjusters did include in the estimate were severely underestimated.

38.     Defendants Boruk's and Trevino's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

39.     Defendants Boruk and Trevino are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of CMIC, because each is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of

action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

40.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendants Boruk's and Trevino's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

41.     Defendants Boruk's and Trevino's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

42.     Defendants Boruk and Trevino failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Boruk and Trevino failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements

or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendants Boruk and Trevino as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

43. Defendants Boruk's and Trevino's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

44. Defendants Boruk and Trevino did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to CMIC. Defendants Boruk and Trevino's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

45. Plaintiffs are not making any claims for relief under federal law.

### FRAUD

46. Defendants CMIC, Boruk, and Trevino are liable to Plaintiffs for common law fraud.

47.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants CMIC, Boruk, and Trevino knew were false or made recklessly without any knowledge of their truth as a positive assertion.

The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

48.     Defendants CMIC, Boruk, and Trevino are liable to Plaintiffs for conspiracy to commit fraud.  Defendants CMIC, Boruk, and Trevino were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants CMIC, Boruk, and Trevino committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST CMIC ONLY

49.     Defendant CMIC is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

50.     Defendant CMIC's conduct constitutes a breach of the insurance contract made between CMIC and Plaintiffs.

51.    Defendant CMIC's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of CMIC's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

52.    Defendant CMIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

53.    Defendant CMIC's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54.    Defendant CMIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though CMIC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

55.    Defendant CMIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56.     Defendant CMIC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

57.     Defendant CMIC's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

58.     Defendant CMIC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

59.     Defendant CMIC's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

60.     Defendant CMIC's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

61.     Defendant CMIC's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount

of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

62. As referenced and described above, and further conduct throughout this litigation and lawsuit, Boruk and Trevino are agents of CMIC based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer.  TEX. INS. CODE §4001.051.

63. Separately, and/or in the alternative, as referenced and described above, CMIC ratified the actions and conduct of Boruk and Trevino including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64. Defendant CMIC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

65. Defendant CMIC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, CMIC knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

66. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

67.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

68.   As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendants CMIC's, Boruk's, and Trevino's mishandling of Plaintiffs' claim in violation of the laws set forth above.

69.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

70.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

71.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

72.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

73.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

74.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

75.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

76.   Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant CMIC, Defendant Boruk, and Defendant Trevino separately disclose the information or material described in Rule 194.2 within fifty (50 days of the service of this request.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all

costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

YOUNGKIN & DOSS, PLLC

By: _____

BILL YOUNGKIN
State Bar No. 22226500
bill@youngkinlaw.com
MATTHEW D. SHARPE
State Bar No. 24067160
sharpe@youngkinlaw.com
Post Office Box 4806
Bryan, Texas 77805
Telephone No. (979) 776.1325
Fax No. (979) 776.1315
**ATTORNEYS FOR PLAINTIFFS**

Received & Filed 9/26/2017 3:05 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 19679139

# 361st District Court of BRAZOS County, Texas

300 EAST 26TH ST., STE. 305 BRYAN TX 77803

## CASE #: 17-002319-CV-361

ALFRED SMITH, JR. AND CURRIE SMITH

*Plaintiff*
vs
CENTRAL MUTUAL INSURANCE COMPANY, JAMES DAVID BORUK, JR., AND MICHAEL TREVINO

*Defendant*

### AFFIDAVIT OF SERVICE

I, MARQUISHA GRAVES-LEWIS, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 09/20/17 2:28 pm, instructing for same to be delivered upon Central Mutual
Insurance Company By Delivering To Its Vice-President Steve Mansfield Or Any Other Officer
By Delivering To.

| | | |
|---|---|---|
| That I delivered to | : | Central Mutual Insurance Company By Delivering To Its Vice-President Steve Mansfield Or Any Other Officer By Delivering To |
| the following | : | CITATION; PLAINTIFF'S ORIGINAL PETITION |
| at this address | : | 7301 N State Hwy 161 Ste 320 IRVING, Dallas County, TX 75039 |
| Manner of Delivery | : | By PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : | Thursday SEP 21, 2017 9:13 am |

My name is MARQUISHA GRAVES-LEWIS, my date of birth is OCT 9th, 1981, and my address
is Professional Civil Process Dallas, Inc., 2300 Valley View Ln, Ste 612, Irving TX
75062, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in ___Dallas___ County, State of Texas, on the ___26___ day of
___September___, 20 _17_.

MARQUISHA GRAVES-LEWIS                      Declarant
2439

Texas Certification#: PSC-12308 Exp. 09/30/2019

PCP Inv#: D17900154
SO  Inv#: A17901327

+ Service Fee:   75.00
Witness Fee:    .00
Mileage Fee:    .00

tomcat                          Youngkin, Bill
                                          E-FILE RETURN

AX02A17901327

**CLERK OF THE COURT**
Marc Hamlin
300 East 26ᵗʰ Street, Suite 1200
Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
BILL YOUNGKIN
P.O. Box 4806
Bryan TX 77805

THE STATE OF TEXAS        **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: <u>Central Mutual Insurance Company/ Steve Mansfield, Vice President who may be served at 7301 North State Hwy 161, Suite 320, Irving, Texas 75039</u> Defendant,
Greeting:

You are hereby commanded to appear by filing a written answer to the <u>**Plaintiff's Original Petition**</u> at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable <u>361st District Court</u> of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on <u>August 31, 2017</u> in the case, numbered <u>17-002319-CV-361</u>on the docket of said court, and styled,

<u>Alfred Smith, Jr. and Currie Smith</u>
<u>vs.</u>
<u>Central Mutual Insurance Company,</u>
<u>James Boruk, Jr., and Michael Trevino</u>

The nature of Plaintiff's demand is fully shown by a true and correct copy of the <u>**Plaintiff's Original Petition**</u> accompanying this citation and made a part thereof.

The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and sealed of said Court at office, on this the 6th day of September, 2017.

Marc Hamlin
Clerk of Brazos County, Texas

By _J. Alexander_ Deputy

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____.M.
Executed at _____, within the County of _____at _____ o'clock ___.M. on the _____ day of _____, 20____, by delivering to the within named _____
_____each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation_____

To certify which witness my hand officially.

Sheriff Account

No._____

For Clerk's Use

Taxed_____
Returned Record_____

Sheriff of _____County, Texas
By _____ Deputy